■   MAX SIMON, Appellant, v. JOSEPH D. STIM, Respondent.— In an action to recover damages for libel, the appeal is from an order granting a motion for judgment on the pleadings and from the judgment entered in accordance therewith dismissing the complaint.   Order and judgment unanimously affirmed, with one bill of $10 costs and disbursements.   No opinion.   Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ.   [11 Misc 2d 653.]

### (February 24, 1960)

■   KALL & KALL, INC., Appellant, v. HARRY NUSSBAUM et al., Respondents, et al., Defendants.— Respondents moved at Special Term to dismiss for insufficiency eight of the causes of action contained in the complaint.   The motion was granted in part and denied in part, the order to be settled on notice.   Respondents submitted a proposed order with notice of settlement. Appellant submitted a counter proposed order.   Respondents' order was signed, with the change suggested in appellant's counter proposed order.   The order was entered on October 27, 1959.   Respondents served a copy of the order with notice of entry on November 2, 1959.   Appellant served its notice of appeal on December 1, 1959.   Motion to dismiss appeal granted, without costs, and appeal dismissed.  The notice of appeal was not timely served.   (*Matter of Stern Bros. [Livingston]*, 2 A D 2d 553, affd. 3 N Y 2d 964.)   The rule that, under the circumstances of this case, the time to appeal starts to run from the date of entry of the judgment or order appealed from applies only where the judgment or order is required to be settled on notice, where both sides submit proposed judgments or orders.   This rule applies only in the counties where the Civil Practice Act provides for automatic entry of the judgment or order appealed from.   (Civ. Prac. Act, § 1557 *et seq.*)   Present — Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.

### (February 29, 1960)

■   In the Matter of the Arbitration between SAMUEL MARTZ, Respondent, and MORRIS L. MARTZ, Appellant, and BENJAMIN MARTZ, Respondent.— Motion to dismiss appeal from an order dated July 30, 1954 which, *inter alia*, confirmed an arbitration award on the ground that appellant has failed to prosecute the appeal and on the further ground that appellant has abandoned the appeal by appealing from an order dated January 19, 1960 which granted appellant's motion for reargument and on reargument adhered to the original decision. Motion granted and appeal from order entered July 30, 1954 dismissed, without costs.   By appealing from the order dated January 19, 1960 appellant waived the right to prosecute the appeal from the order dated July 30, 1954.   (*Manfra v. City of New York*, 6 A D 2d 817.)   Present — Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.
■   SYLVIA MINER et al., Appellants, v. CITY OF YONKERS et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied.   Present — Beldock, Acting P. J., Kleinfeld, Christ and Pette, JJ.; Brennan, J., not voting.
■   SALVATORE BENANTI, Appellant, v. KRISTIAN KRISTENSEN, Respondent. — In an action to recover damages for personal injuries, the appeal is from so much of an order as denied appellant's motion for an inquest in the event

that respondent serve a verified answer within a stated period. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ BETTY-JUNE SCHOOL, INC., et al., Appellants, v. JOHN C. YOUNG, as Manager of the Building Department of the Town of Hempstead, et al., Respondents.— In an action for a declaratory judgment and for injunctive relief, the appeal is from so much of an order as denied in part appellants' motion for a temporary injunction. Each of the appellants was incorporated by the Board of Regents of the State of New York to conduct a nursery school, kindergarten and elementary grades (see Education Law, §§ 216, 217). They brought this action (1) to procure a judgment declaring unconstitutional article 19 of the Building Code of the Town of Hempstead and article 16 of the Building Zone Ordinance of said town, both of which articles were adopted by the Town Board of said town on July 14, 1959, and (2) for an injunction restraining the enforcement of said articles. Appellants moved to restrain enforcement thereof during the pendency of the action. The order under review granted the motion only as to certain provisions of article 19 of the Building Code, namely, provisions requiring the erection of a six-foot fence along certain boundaries of school premises (§ 5, subd. [13]) and prohibiting the use of basements for classrooms unless certain conditions be complied with (§ 5, subd. [4]), otherwise denied the motion, and directed that the action be advanced to the Ready Day Calendar for the opening day of the January 1960 Term for trial. The provisions of the said municipal legislation as to which the temporary injunction has been denied are, among other things, that an annually renewable permit must be obtained from the respondent Manager of the Building Department of the town in order lawfully to operate any premises for a " private school " and that such premises are subject to (1) setback restrictions, as to front, side and rear yard lines, for pools and play-yard equipment, and (2) restrictions limiting the number of students proportionately to square feet of " classroom area " and " cleared outdoor activity area ". Order modified (1) by striking therefrom the first and second ordering paragraphs and by substituting therefor the words " Ordered that the plaintiffs' motion be and the same hereby is granted in all respects, and it is further ", and (2) by striking from said order the fourth ordering paragraph. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellants. In our opinion, serious questions as to the constitutionality of the municipal legislation and as to the interpretation given them by the respondents are presented. There is involved the possible discrimination between public and private schools (see *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 522; *Matter of Merrick Community Nursery School* v. *Young,* 11 Misc 2d 576). This being so, we consider it advisable to preserve the *status quo* pending determination of the issues on trial. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ HELEN FRICKER et al., Respondents, v. DAVID BERNSTEIN, Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order which (1) granted a motion for summary judgment striking out the answer, and (2) directed an assessment of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the papers present triable issues which may not be resolved upon a motion for summary judgment. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ In the Matter of IRVING SOLOMON et al., Appellants, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City